ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
tkuhls@psalaw.net

*Attorneys for Defendants*
*Walmart, Inc. d/b/a Walmart Supercenter No. 5259*
*& Russell Lapat*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDNA SANDRA BOCK-KASMINOFF, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation DBA WALMART SUPERCENTER #5259; RUSSELL LAPAT; DOE STORE MANAGERS I through X; DOE STORE ASSOCIATES I through X; DOE MAINTENANCE ASSOCIATES I through X; DOE JANITORIAL ASSOCIATES I through X; DOES I - X; ROE MAINTENANCE COMPANIES XI through XX; inclusive, jointly and severally,<br><br>               Defendants. | Case No.:<br><br>[District Court, Clark County Case No.:  A-20-810193-C, Dept. No.:  XV]<br><br>**DEFENDANTS WALMART, INC. DBA WALMART SUPERCENTER No. 5259 & RUSSELL LAPAT'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioners WALMART STORES, INC. DBA WALMART SUPERCENTER #5259 ("Walmart") and RUSSELL LAPAT ("Lapat")(collectively "Petitioners") by and through their counsel of record, the law office of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submit and respectfully show:

. . .

. . .

I.

Petitioners are named Defendants in the above-entitled action.

II.

The above-entitled action was commenced by Plaintiff EDNA SANDRA BOCK-KASMINOFF (hereinafter "Plaintiff") on February 10, 2020 in the Eighth Judicial District in and for Clark County, District of Nevada. Plaintiff served a Summons and copy of his initial Complaint on Petitioners on April 7, 2020. Petitioners then filed a timely Answer on April 24, 2020. True and correct copies of Plaintiff's Complaint, Summons and Petitioner's Answer are attached hereto as **Exhibits "A," "B,"** and **"C,"** respectively. On May 7, 2020, Plaintiff then filed a Petition for Exemption from Nevada's Mandatory Arbitration Program whereby she disclosed $162,131.46 in past medical specials. A true and correct copy of Plaintiff's May 7, 2020 Petition for Exemption is attached hereto as **Exhibit "D**."

Plaintiff's May 7, 2020 Petition for Exemption is the "first paper" from which removability may be ascertained and which acknowledges that the amount in controversy in this action will exceed $75,000.00. As discussed above, Plaintiff alleges that her special damages alone total $162,131.46, which well exceeds twice the Federal threshold limit for removal. *See* Exhibit "D," at 2:1-24. Put simply, the amount in controversy meets the $75,000.00 jurisdictional requirement. S*ee* 28 U.S.C. §1446(b).

III.

This petition is timely filed pursuant to 28 U.S.C. § 1446(b).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Petitioners, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioners are informed, believe and thereon alleges that Plaintiff is and was a citizen of the State of Nevada at the time this action was commenced.

VI.

At the time this action was commenced, Petitioner Walmart was a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner Walmart is a citizen of the State of Delaware and a citizen of the State of Arkansas. Petitioner Lapat was the Store Manager as of the

date of Plaintiff's incident and was solely named for purposes of destroying diversity. In fact, Lapat was served at his house on Easter Sunday – all despite the fact he has no personal firsthand knowledge of the subject incident and was on vacation when Plaintiff's incident occurred. As such, Lapat's domicile shall not be taken consideration with respect to diversity as he is subject to an immediate motion to dismiss.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred from an incident at Walmart Store No. 5259 located in Las Vegas, Nevada (Clark County).

VIII.

A copy of Petitioners' Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioners in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Petitioners first learned that Plaintiff is seeking $162,131.46 in damages as is evidenced by her May 7, 2020 Petition for Exemption. *See* Exhibit "D." Plaintiff's May 7, 2020 Petition for Exemption is the "first paper" referencing the fact that Plaintiff is seeking damages that clearly exceed the $75,000.00 Federal diversity jurisdiction threshold. *Id.*

As discussed above, it is undisputed that Plaintiff's claims well exceed the $75,000.00 jurisdictional requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where

1  plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital

2  stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI*

3  *USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's

4  wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive

5  damages combined with a claim for attorney fees in her Complaint).

6       As such, it is wholly reasonable that these cumulative claims for damages meet the requisite

7  amount in controversy under 28 U.S.C. §1441(b).

8                                              **PRAYER**

9       WHEREFORE, Petitioners pray that the above-entitled action be removed from the Eighth

10  Judicial District Court in and for Clark County, Nevada, to this Court.

11                             DATED this 27<u>th</u> day of May, 2020.

12                             **PHILLIPS, SPALLAS & ANGSTADT, LLC**

13                             */s/ Timothy D. Kuhls*
                              _____

14                             ROBERT K. PHILLIPS, ESQ.
15                             Nevada Bar No. 11441
                              TIMOTHY D. KUHLS, ESQ.
16                             Nevada Bar No. 13362
                              504 South Ninth Street
17                             Las Vegas, Nevada 89101

18                             *Attorneys for Defendants*
19                             *Walmart, Inc. d/b/a Walmart Supercenter No. 5259*
                              *& Russell Lapat*

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May, 2020, I served a true and correct copy of the foregoing, **DEFENDANTS WALMART, INC. DBA WALMART SUPERCENTER No. 5259 & RUSSELL LAPAT'S PETITION FOR REMOVAL OF CIVIL ACTION** as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| SIRIA L. GUTIERREZ, ESQ.<br>Nevada Bar No. 11981<br>BIGHORN LAW<br>716 S. Jones Blvd.<br>Las Vegas, Nevada 89107 | Phone 702-333-1111<br>Fax    N/A | Plaintiff |

*/s/ Joshua J. Kephart*

_____

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC