# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
2/10/2020 5:13 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
SIRIA L. GUTIERREZ, ESQ.
Nevada Bar No.: 11981
**BIGHORN LAW**
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Phone: (702) 333-1111
Email: Siria@BighornLaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-810193-C
Department 15

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDNA SANDRA BOCK-KASMINOFF, an individual,

Plaintiff,

vs.

WALMART, INC., a Foreign Corporation DBA WALMART SUPERCENTER #5259; RUSSELL LAPAT; DOE STORE MANAGERS I through X; DOE STORE ASSOCIATES I through X; DOE MAINTENANCE ASSOCIATES I through X; DOE JANITORIAL ASSOCIATES I through X; ROE MAINTENANCE COMPANIES XI through XX; inclusive, jointly and severally,

Defendants.

Case No.:

Dpt. No.:

**COMPLAINT**

COMES NOW Plaintiff EDNA SANDRA BOCK-KASMINOFF, by and through her counsel, SIRIA L. GUTIERREZ, ESQ., with the Law Offices of **BIGHORN LAW**, and for her cause of action against the Defendants, and each of them, alleges as follows:

1. That Plaintiff EDNA SANDRA BOCK-KASMINOFF (hereinafter referred to as "EDNA" and/or "PLAINTIFF") was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada.

2. Upon information and belief, that at all times relevant to this action, the Defendant WALMART, INC., a Foreign Corporation (hereinafter referred to as "WALMART"), and/or DOE OWNERS I through X; and/or DOE PROPERTY MANAGERS I through X; and/or ROE OWNERS XI through XX; and/or ROE CORPORATIONS, XXV through XXX, was an entity doing business in the State of Nevada.

3. Upon information and belief, that at all times relevant to this action, Defendant RUSSELL LAPAT was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada and the Store Manager for Walmart #5259 at the time of the incident.

4. Upon information and belief, that at all times relevant to this action, Defendant DOE STORE MANAGERS I through X, was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada.

5. Upon information and belief, DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, was the appropriate party responsible for the maintenance and safe-keeping of the property located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, and surrounding parking lot thereof, and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

6. Upon information and belief, DOE OWNERS I through X, and/or ROE OWNERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the owner of the property located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, and surrounding parking lot thereof, and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

7. Upon information and belief, DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the contracted property management company for the property located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, and surrounding parking lot thereof, and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

8. Upon information and belief DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or ROE EMPLOYERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the appropriate party responsible for the hiring, training, and supervision of DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and was a business entity established in and/or doing business is the State of Nevada.

9. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX; DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, are unknown to PLAINTIFF, who therefore sue said Defendants by such fictitious names accordingly.

10. PLAINTIFF EDNA is informed, and believes, and thereon alleges that each of the Defendants designated herein as DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through

XXX, are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF EDNA as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, when the same have been ascertained, and to join such defendants in this action.

### FIRST CAUSE OF ACTION
(Negligence as to All Defendants)

11. PLAINTIFF EDNA incorporates by this reference all of the allegations of paragraphs 1 through 10, hereinabove, as though completely set forth herein.

12. That on or about February 13, 2018, PLAINTIFF EDNA, while on the premises in question, was exposed to and did encounter an unreasonably dangerous hazard, namely a foreign substance on the floor near the vegetable isle causing injury to her knee and sustain personal injuries.

13. That upon information and belief, at all times relevant to this action, DEFENDANTS WALMART, and/or RUSSELL LAPAT and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX,, and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled those premises located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108

14. That on or about the February 13, 2018, and for some time prior thereto, DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX,

and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and ASSOCIATES, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, so as to cause and allow an unreasonably hazardous and dangerous premises.

15. That on or about the February 13, 2018, and for some time prior thereto, DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and ASSOCIATES, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, in that they maintained the area in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by invitees of the said Defendants.

16. That on or about the February 13, 2018, and for some time prior thereto, DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the

Defendants (by and through their authorized agents, servants, and ASSOCIATES, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108, in that said Defendants permitted, allowed and caused said unsafe condition to remain even though DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, knew or, through the exercise of ordinary care and diligence, should have known, that its premises was in an unsafe manner so as to create a defective and dangerous condition for anyone walking in the area.

17. At all times relevant herein, DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, failed to maintain the aforesaid premises in a reasonably safe condition; and that said Defendants, negligently, carelessly and recklessly failed to inspect, repair and correct the said condition, or warn PLAINTIFF EDNA, of the defect therein.

18. At all times herein concerned or relevant to this action, the DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, acted by and through their duly authorized agents, servants, workmen and/or ASSOCIATES then and there acting within the course of their employment and scope of their authority for the said Defendants.

19. That the carelessness and negligence of DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, in breaching a duty owed to the PLAINTIFF EDNA, which directly and proximately caused the injuries and damages to PLAINTIFF EDNA, consisting in and of, but not limited to, the following acts, to wit:

(a) Failure to provide a safe premise for PLAINTIFF EDNA;

(b) Failure to warn PLAINTIFF EDNA, of the dangerous and hazardous condition then and there existing in said premises;

(c) Failure to properly and adequately inspect the said dangerous condition to ascertain its hazardous and dangerous condition;

(d) Failure to properly and adequately maintain said premises and/or remedy the said dangerous condition then and there existed in said premises;

(e) DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had, or should have had, knowledge or notice of the existence of the said dangerous and defective condition which existed on said premises.

20. DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, have violated certain statutes,

ordinances and building codes, which PLAINTIFF EDNA prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

21. At all times herein concerned or relevant to this action, DEFENDANTS RUSSELL LAPAT was responsible for the implementation and execution of a safety plan and cleaning program for the store and the floor area where Plaintiff fell before her fall.

22. That at all times relevant to this incident DEFENDANT RUSSELL LAPAT was specifically aware that Walmart customers are particularly susceptible to slipping and falling when foreign substances on the floor left uncleaned because Walmart customers generally do not look at the ground as they walk due to the displays that are set between 40-50 inches off the floor and the directional signs overhead, both of which ensure customers generally look forward or up, but not down.

23. That at all times relevant to this incident DEFENDANT RUSSELL LAPAT and/or DOES STORE ASSOCIATES I through X were specifically aware that Walmart customers relied on them to keep their areas clean and free of slippery items and/or foreign substances that DEFENDANT STORE MANAGER was specifically trained and tasked to ensure all other associates look out for and identify all hazards on the floor to protect customers, including Plaintiff.

24. That at all times relevant to this incident DEFENDANT RUSELL LAPAT and/or DOES STORE ASSOCIATES I through X, failed to act in a safe and prudent manner, by failing to carefully inspect the area where Plaintiff fell, by failing to clean the floor and failing to warn Plaintiff or the hazard.

25. That at all times relevant to this incident DEFENDANT RUSSELL LAPAT and/or DOES STORE ASSOCIATES I through X, knew, or should have known, that foreign substances on the floors could injure patrons of the store.

26. That at all times relevant to this incident DEFENDANT RUSSELL LAPAT and/or DOES STORE MANAGERS I through X, breached their specific duty of care to keep the premises that foreign substances on the floor and their breach caused Plaintiff's injury and damages.

27. That on or about February 13, 2018, PLAINTIFF EDNA, while lawfully upon said premises of DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and as a direct and proximate result of the negligence and carelessness of said Defendants, and each of them, PLAINTIFF EDNA was caused to suffer the injuries and damages hereinafter set forth when she tripped and fell as a result of Defendants' failure to maintain, causing her to fall to the ground and proximately causing to her the injuries and damages as hereinafter more particularly alleged.

28. By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF EDNA was otherwise injured in and about the head, neck, back, legs, knees and heart and caused to suffer great pain of body and mind, all or some of the same of which are chronic conditions, which may result in permanent disability and are disabling, all to which PLAINTIFF EDNA is entitled to recover damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF EDNA, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF EDNA may pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

30. Prior to the injuries complained of herein, PLAINTIFF EDNA, was an able-bodied female, capable of engaging in all activities for which she was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of DEFENDANTS WALMART, and/or DOE OWNERS I through X, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE

CORPORATIONS, XXV through XXX, and each of them, PLAINTIFF EDNA was caused to be disabled and was limited and restricted in PLAINTIFF EDNA's occupations and activities, which caused PLAINTIFF EDNA an unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

31. PLAINTIFF EDNA has been required to retain the Law Offices of **BIGHORN LAW** to prosecute this action, and is entitled to recover her reasonable attorney's fees, her litigation costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
(Respondeat Superior, Negligent Entrustment, Hiring, Training, and Supervision as to DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX)

32. PLAINTIFF EDNA incorporates by this reference all of the allegations of paragraphs 1 through 31, hereinabove, as though completely set forth herein.

33. DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had a duty to properly hire, train, and supervise all ASSOCIATES to ensure that the property mentioned hereinabove remained in a reasonably safe condition.

34. That at all times pertinent hereto, DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise DEFENDANTS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DEFENDANTS DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DEFENDANTS DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, in each of his/her duties and actions as property managers/maintainer and/or ASSOCIATES for DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants.

35. In addition, as the employer of DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or

ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of them, are vicariously liable for all damage caused by DEFENDANTS DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DEFENDANTS DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DEFENDANTS DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, as said Defendants, were acting within the course and scope of each of his/her employment with DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, at the time of the collision described herein.

36. As a direct and proximate result of the aforesaid negligence and carelessness of the above-referenced Defendants, and each of them, PLAINTIFF EDNA suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

37. As a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF EDNA has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

38. Prior to the injuries complained of herein, PLAINTIFF EDNA was an able-bodied female, capable of being gainfully employed and capable of engaging in all other activities for which PLAINTIFF EDNA was otherwise suited. By reason of the incident referenced above, and as a direct and proximate result of the negligence of DEFENDANTS WALMART, and/or RUSSELL LAPAT, and/or DOE STORE MANAGERS I through X, and/or DOE STORE ASSOCIATES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE ASSOCIATES I through X, and/or DOE JANITORIAL ASSOCIATES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and

each of the Defendants, PLAINTIFF was caused to be disabled and limited and restricted in their occupations and activities, which caused PLAINTIFF a damage of a sum not yet presently ascertainable, the allegations of which PLAINTIFF prays leave of Court to incorporate herein when the same shall be fully determined.

39. PLAINTIFF EDNA has been required to retain the Law Offices of **BIGHORN LAW** to prosecute this action, and is entitled to recover her reasonable attorney's fees, her litigation costs, and prejudgment interest.

### FIRST CLAIM FOR RELIEF:

1. General damages for PLAINTIFF EDNA, in an amount in excess of $15,000.00;

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Costs of this suit;

4. Prejudgment Interest;

5. Attorney's fees; and

6. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 10th day of February, 2020.

                              **BIGHORN LAW**

                              By:  /s/ Siria L. Gutierrez
                              **SIRIA L. GUTIERREZ, ESQ.**
                              Nevada Bar No.: 11981
                              716 S. Jones Blvd.
                              Las Vegas, Nevada 89107
                              *Attorneys for Plaintiff*