UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDNA SANDRA BOCK-KASMINOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation dba WALMART SUPERCENTER #5259; DOE STORE MANAGERS I through X; DOE STORE ASSOCIATES I through X; DOE MAINTENANCE ASSOCIATES I through X; DOE JANITORIAL ASSOCIATES I through X; DOES I – X; ROE MAINTENANCE COMPANIES XI through XX; inclusive, jointly and severally,<br><br>Defendants. | Case No. 2:20-cv-00949-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Re-Open Discovery on a Limited Basis to Allow for Depositions of Plaintiff's Character Witnesses ("Plaintiff's Motion"). ECF No. 43. Also before the Court is Walmart, Inc. dba Walmart Supercenter #5259's ("Walmart" or "Defendant") Opposition to Plaintiff's Motion (ECF No. 46), Walmart's Countermotion to Exclude Plaintiff's Character Witnesses from Testifying Outright (ECF No. 47), and Walmart's Countermotion for Fees and Costs. ECF No. 48. The Court also has Plaintiff's Reply. ECF No. 49.

**I.   Facts Pertinent to the Present Motion**

Plaintiff's claims arise from an alleged slip she experienced at Walmart on February 13, 2018. Current counsel for Plaintiff states that an attorney previously employed by Plaintiff's counsel's firm "erroneously did not send information of [sic] the Plaintiff's character witnesses" to Defendant. ECF No. 43 at 2. When Plaintiff's current counsel realized this supposed error, Plaintiff updated her Rule 26 disclosures to include the character witnesses. *Id*. This first (and thus only) supplemental disclosure made by Plaintiff, six days before the close of discovery, included the names

of seven individuals.  ECF No. 46 at 3.  Walmart objected to this disclosure in writing stating these witnesses have "no firsthand knowledge of Plaintiff's alleged incident."  *Id*.

Plaintiff states that she does not need to conduct any further discovery in this case.  *Id*. at 4.  Rather, she is seeking to reopen discovery to allow the defendant—Walmart—the time to depose the character witnesses.  *Id*.  Plaintiff further states that "[a]t best, the testimony provided by the character witnesses will support that Plaintiff is an honest person who would not lie to the court or a jury about being involved in the subject slip incident."  *Id*.

In Response, Defendant states it was "ambushed … with seven duplicate 'character' witnesses" without opposing counsel placing a call to defense counsel or disclosing that these "character witnesses had relevant evidence supporting her case[]."  ECF No. 46 at 5-6.  Defendant invokes Fed. R. Civ. P. 37(c)(1) arguing Plaintiff's failure to timely disclose the character witnesses was not harmless and was without substantial justification.  *Id*. at 10.  As a sanction, Defendant seeks an order from the Court striking all seven witnesses based on Plaintiff's alleged "numerous acts of deceit."  *Id*. at 12.  Defendant concludes that if discovery is reopened, Plaintiff should be limited to three character witnesses and she should have to pay the costs associated with taking the depositions of the witnesses.  *Id*.  Defendant also moves for its attorney's fees and costs apparently based on Plaintiff or Plaintiff's counsel's bad faith, vexatious litigation tactics or oppressive reasons for its late disclosure.  *Id*. at 15.

In Reply, Plaintiff states that Defendant spent half its Response to Plaintiff's Motion attempting to "vilify Plaintiff's Counsel."  ECF No. 49 at 3.  Plaintiff says she "ONLY" proposed the reopening of discovery to prevent prejudice to Defendant.  *Id*. (Emphasis in original.)  Plaintiff states Defendant notes no prejudice it will suffer if discovery is reopened.  *Id*.  Citing to the standard for excusable neglect, Plaintiff argues that a 30 day extension (which is what Plaintiff proposes) and the reason for the delay are easily explained because prior counsel, rather than current counsel, who worked for the same firm, was inadvertent.  Plaintiff states claims by Defendant of bad faith are unsupported by the record, Plaintiff has been diligent in participating in this litigation, and that the extension is required because "Defendant is seeking to litigate Plaintiff's integrity, not any alleged lack of negligence by Defendant."  *Id*. at 5.  With respect to Defendant's countermotion to strike,

2

Plaintiff states that the prejudice Defendant claims "is almost entirely monetary." *Id*. at 6. Plaintiff argues, however, that given Defendant's disinterest in deposing the character witnesses any prejudice is eliminated. *Id*. With respect to Defendant's request for fees and costs, Plaintiff states there is no evidence that her Motion was frivolous. Plaintiff says she acted in good faith when she sought the Court's "grace" to allow Defendant to take the deposition of the character witnesses disclosed. *Id*.

## II. Discussion

Plaintiff's Motion to Reopen Discovery was brought after the close of discovery, but, under an unusual turn of events, the Motion was filed to give Defendant an opportunity to depose character witnesses disclosed by Plaintiff six days before the close of discovery. Defendant argues voraciously and repeatedly that Plaintiff's disclosure was, at a minimum, in bad faith. The Court recognizes that last minute discovery disclosures does not necessarily cure prejudice to opponents, but potential prejudice does not equate to bad faith or the other accusations made by Defendant despite its frustration with this case. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (quoting *G–K Props. v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647-48 (9th Cir. 1978)).

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to identify potential fact witnesses and documents in support of their allegations. Moreover, Fed. R. Civ. P. 26(e)(1)(A) and (B) requires a party to supplement disclosures in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or as ordered by the Court. Plaintiff's current counsel, based on the instant Motion and declaration, appears to have acted in accordance with this Rule.

Federal Rule of Civil Procedure 37 permits the Court to impose sanctions against Plaintiff for alleged discovery violations, which Defendant seeks. One such sanction is to preclude Plaintiff from using the belatedly disclosed information or witness as evidence, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Because Defendant has made a countermotion to exclude these witnesses, the Court considers whether substantial justification or harmlessness exist

by examining whether (1) Defendant is prejudiced by Plaintiff's late disclosure, (2) if prejudiced, the prejudice can be cured, (3) there is any likelihood of disruption of trial, and (4) Plaintiff acted in bad faith or willfully in not timely disclosing these witnesses. *Torres v. Bellagio*, Case No. 2:17-cv-001025-JAD-VCF, 2019 WL 573455, *1 (D. Nev. Jan. 29, 2019) (internal citation omitted).

There is no trial date set. Hence, there would be no disruption to trial if Plaintiff's witnesses are not struck. There is also no evidence of bad faith. The reason prior counsel did not disclose the character witnesses may be many, not the least of which could be because, under Fed. R. Evid. 608(a), evidence of truthful character is admissible only after a witness's character for truthfulness is attacked. Of course, the Court does not know this was the reason Plaintiff's prior counsel decided not to disclose these witnesses before she left the firm, but current counsel's disclosure and motion to extend the discovery period to allow Defendant the opportunity to depose these witnesses does not support a finding of deceit, bad faith or vexatiousness. These contentions by Defendant overreach. In fact, current counsel for Plaintiff explains that he was first assigned to this matter in late May or early June 2021. ECF No. 43 at 2 ¶ 5. Upon review of the file he discovered the supplemental disclosures were drafted, but not served. *Id*. ¶ 6. Counsel then instructed the supplemental disclosures to be sent to Defendant on June 8, 2021. *Id*. ¶ 7. Irrespective of why prior counsel failed to send these disclosures, current counsel's conduct was substantially justified.

With respect to prejudice, if any, the Court finds Walmart's ability to depose the character witnesses, whether seven, three or some other number, allows for a cure. With respect to prejudice, as mentioned above, proper application of Federal Rule of Evidence 608, especially when read together with Federal Rule of Evidence 404, creates a substantial question whether Plaintiff's character witness testimony will be admissible at all.[1] Further, Fed. R. Evid. 403 establishes that even if character evidence is admissible under Rules 404 and 608, it is still subject to a balancing of probative value against prejudicial effect. *United States v. Cherer*, 513 F.3d 1150, 1157-59 (9th Cir. 2008).

---

[1] Rule 404(a) states, in pertinent part that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

The parties should also consider that not just any attack on the credibility of particular testimony is sufficient by itself to trigger Rule 608: the "mere fact that a witness is contradicted by other evidence in the case does not constitute an attack upon his reputation for truth and veracity." *United States v. Jackson*, 588 F.2d 1046, 1055 (5th Cir. 1979).  To bring the exception in Rule 608 into play, the attack must not be merely on the truthfulness of the particular testimony, but rather on the character of the witness for truthfulness.  While this Court found one state court that allowed a plaintiff to introduce evidence of her truthful character in a case in chief, rather than on rebuttal, when the defense in an opening statement left no doubt that plaintiff's character for truthfulness would be aggressively attacked, this exception appears very narrowly applied.  *Ostrowski v. Cape Transit Corp.*, 853 A.2d 985 (N.J. Super. A.D. 2004), *cert. granted* 862 A.2d 58, *affirmed* 868 A.2d 321 (2004).

Whether Plaintiff's character witnesses may ultimately be allowed to testify in her case in chief or on rebuttal is not a determination this Court can make.  Instead the admissibility of character evidence may be made through a motion in limine or at trial by the District Judge depending on the evidence presented.  Nonetheless, there is significant question whether Plaintiff's character witnesses will be allowed to testify, thus raising the possibility of no prejudice to Defendant.

Defendant overreacted to Plaintiff's late disclosure of character witnesses and Motion to Reopen Discovery.  Plaintiff also failed to consider whether the disclosure of seven character witnesses was appropriate and necessary, as well as whether character testimony would be admissible at all.  Together, the parties, who agree that this is a difficult case in which there is substantial disagreement regarding the evidence and its worthiness, mishandled the entirety of events leading to the pending Motion and Countermotions.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Re-open Discovery on a Limited Basis to Allow for Depositions of Plaintiff's Character Witnesses (ECF No. 43) is DENIED without prejudice.

IT IS FURTHER ORDERED that Walmart's Countermotion to Exclude Plaintiff's Character Witnesses from Testifying Outright (ECF No. 47) is GRANTED in part and DENIED in part.

1    IT IS FURTHER ORDERED that Plaintiff is limited to the potential introduction of two character witnesses, if any, as any more than two would be cumulative.

IT IS FURTHER ORDERED that Plaintiff shall identify the two character witnesses of her choice in a supplemental Rule 26 disclosure within ten (10) days of the date of this Order. Such disclosure shall also include identification of the five character witnesses Plaintiff withdraws from her potential witness list.

IT IS FURTHER ORDERED that if Walmart seeks to depose the two character witnesses Plaintiff discloses, discovery is reopened for the sole purpose of allowing Walmart to do so within thirty (30) days of the date of Plaintiff's disclosure. No further discovery is permitted by the parties.

IT IS FURTHER ORDERED that Walmart's Countermotion for Fees and Costs (ECF No. 48) is DENIED.

DATED THIS 10th day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE