# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Edna Sandra Bock-Kasminoff,<br><br>Plaintiff<br><br>v.<br><br>Walmart, Inc., d/b/a Walmart Supercenter No. 5259<br><br>Defendant | Case No.: 2:20-cv-00949-JAD-EJY<br><br>**Order Granting Motion for Summary Judgment and Closing Case**<br><br>[ECF No. 44] |

In this removed premises-liability action, Plaintiff Edna Sandra Bock-Kasminoff sues Walmart, Inc. for negligence and negligent hiring after a slip-but-not-fall at one of its stores caused her knee to "pop" and require surgery. Discovery has closed, and Walmart moves for summary judgment on both claims. Because Bock-Kasminoff has failed to present any evidence of Walmart's negligence, I grant Walmart's motion for summary judgment and close this case.

## Background[1]

On February 13, 2018, Bock-Kasminoff went to one of Walmart's stores to purchase groceries.[2] While walking down an aisle and pushing a shopping cart, she slipped but did not fall.[3] She alleges that she slipped on a liquid substance, but she did not look down to see what

---

[1] This is a summary of Bock-Kasminoff's allegations and is not intended as findings of fact. At times, the parties dispute the most fundamental facts and cannot even agree whether Bock-Kasminoff was at the Walmart where she allegedly slipped on February 13, 2018; whether she slipped; or what she slipped on. But for purposes of its motion, Walmart doesn't dispute that Bock-Kasminoff was at the Walmart on that date or that she slipped. ECF No. 44 at 5.

[2] Bock-Kasminoff testified at her deposition that she was "60 percent sure" that she slipped on this date. ECF No. 44-3 at 6–7 (excerpts of Bock-Kasminoff's deposition testimony).

[3] *Id.* at 17–18; ECF No. 44-4 at 2.

she slipped on, and she cannot identify what the substance was.[4] Her left knee "popped," and she was in "horrendous" pain.[5] Bock-Kasminoff alleges that after she slipped, Walmart employee Jae Leonhardt helped her to her car.[6] But Leonhardt testified that he has no memory of ever meeting Bock-Kasminoff, helping anyone to the parking lot who had been hurt, or anyone being injured at the store.[7] He testified that he "would have reported that somebody got hurt" if he learned of someone slipping on liquid at the store.[8]

Bock-Kasminoff alleges that after Leonhardt helped her to her car, she left the Walmart premises on her own.[9] That same day, she sought medical attention at an urgent care, where she was diagnosed with acute pain and osteoarthritis of her left knee.[10] The medical records from that visit make no mention of Bock-Kasminoff slipping.[11] She sought other medical attention for her left knee over the following months, but none of those medical records references a slip either.[12] She visited the Walmart at least seven times between the date of her slip and the date—five months later—when she filed an incident report with Walmart.[13] And she eventually

---

[4] ECF No. 44-3 at 17–18. In her response to Walmart's motion for summary judgment, she states that she slipped on soda, despite her deposition testimony in which she testified that she didn't know what she slipped on because she never looked down at the floor to see what it was. *Compare* ECF No. 50 at 10 *with* ECF No. 44-3 at 18 (Question: "Do you know if it was soda?" Answer: "Don't know.").

[5] *Id.*

[6] *Id.* at 12, 19; ECF No. 44-4 at 2.

[7] ECF No. 44-7 at 3–7 (excerpts of Leonhardt's deposition testimony).

[8] *Id.* at 5.

[9] *See* ECF No. 44-3 at 3.

[10] ECF No. 44-12 at 2 (Bock-Kasminoff's urgent-care records).

[11] *See id.*

[12] *See* ECF No. 44 at 6; ECF No. 44-10; ECF No. 44-12.

[13] ECF No. 44-3 at 21–23; ECF No. 44-4 at 2.

underwent surgery for a total replacement of her left knee.[14]  Bock-Kasminoff brought this lawsuit in state court in February 2020, and Walmart timely removed it to this court in May 2020.[15]

**Discussion**

**I.    Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[16]  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[17]  A fact is material if it could affect the outcome of the case.[18]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[19]  So the parties' burdens on an issue at trial are critical. When the party moving for summary judgment would bear the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went

---

[14] ECF No. 50 at 3.

[15] ECF No. 1.  Bock-Kasminoff originally sued Walmart and Russell Lapat, the store manager. ECF No. 1-2 (operative complaint).  I dismissed Lapat from the case, so Walmart is the only remaining defendant.  ECF No. 14.

[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[18] *Id.* at 249.

[19] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

uncontroverted at trial."[20]  If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[21]  But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence showing the absence of a genuine material factual issue.[22]  The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[23]

## II. Bock-Kasminoff hasn't presented any evidence of Walmart's negligence.

Walmart contends that Bock-Kasminoff hasn't established that it breached a duty of care to her because she hasn't shown that a spill existed or that Walmart had actual or constructive notice of one.[24]  Bock-Kasminoff responds, without evidentiary support, that genuine issues of material fact remain as to Walmart's notice, precluding summary judgment.[25]  She also relies on mode-of-operations liability theory to argue that the store had continuous problems with spills and was thus on constructive notice of one.[26]

---

[20] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[21] *Id.*

[22] *Celotex*, 477 U.S. at 323.

[23] *Id.* at 322.

[24] ECF No. 44 at 8–22.

[25] ECF No. 50 at 8–10.

[26] *Id.* at 6.

"[W]hether a defendant was negligent is generally a question of fact for the jury to resolve."[27] But "summary judgment is proper when the plaintiff cannot recover as a matter of law."[28] "To establish entitlement to judgment as a matter of law, [Walmart] must negate at least one of the elements of negligence."[29] The elements are: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[30] Nevada law recognizes that "[t]he owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies."[31] "An accident occurring on the premises does not of itself establish negligence."[32] An owner or occupant of property is liable for injuries sustained in a slip accident if it caused, knew about, or should have known about the hazard that caused the injury and failed to remedy it.[33]

Bock-Kasminoff hasn't established that she was even in the Walmart on the day she allegedly slipped and thus hasn't demonstrated that Walmart owed her a duty of care.[34] Indeed, she's just 60% sure that she was there that day at all.[35] But Walmart doesn't dispute that Bock-Kasminoff was in the store on that date.[36] So for this motion, I assume that Walmart owed her a

---

[27] *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) (citing *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1378 (Nev. 1997)).

[28] *Id.* (citing *Butler v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007)).

[29] *Id.* (citing *Harrington*, 931 P.2d at 1380).

[30] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1175 (Nev. 2008)).

[31] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citation omitted).

[32] *Id.* (citation omitted).

[33] *Id.* at 322–23.

[34] ECF No. 44-3 at 6–7.

[35] *See supra* note 2.

[36] ECF No. 44 at 5.

duty and move straight to the question of whether Bock-Kasminoff has established that Walmart breached that duty, which turns on whether Walmart had actual or constructive notice of a spill.[37]

Bock-Kasminoff hasn't presented any evidence that Walmart caused, knew about, or should have known about a spill.  She doesn't allege what the substance was that she slipped on, how long it was on the floor, or how it got there.  She doesn't present any videos, photos, or testimony from anyone but herself supporting her allegation that liquid was on the floor.  She also hasn't provided any evidence that slips were common in this store, and Walmart demonstrated during discovery that "there [was] no evidence of any prior slip incident where [Bock-Kasminoff's] incident occurred within three years leading up to [her] alleged incident."[38] When asked for the facts or evidence showing that the conduct of a Walmart employee caused liquid to be on the ground, she provided none and instead responded that she "slipped on liquid causing [her] knee to pop."[39]

These facts are insufficient to show that Walmart caused liquid to be on the floor or knew that liquid was present.[40]  No reasonable jury could find that Walmart was responsible for liquid being on the floor because Bock-Kasminoff has presented no evidence that liquid was on the floor or even that she slipped.  There is no genuine dispute of material fact about whether Walmart breached its duty of care to Bock-Kasminoff.  So I grant summary judgment in Walmart's favor on her negligence claim.

---

[37] *See Wagon Wheel Saloon & Gambling Hall, Inc. v. Mavrogan*, 369 P.2d 688, 689–90 (Nev. 1962).

[38] ECF No. 44 at 21.

[39] ECF No. 44-11 at 14 (Bock-Kasminoff's responses to Walmart's first set of interrogatories).

[40] I need not reach Bock-Kasminoff's argument about the mode-of-operations liability theory because there is a lack of evidence showing that any liquid was on the floor or how it came to be there.  ECF No. 50 at 6–7.

For the same reasons, I grant Walmart's motion for summary judgment on Bock-Kasminoff's remaining claim for negligent hiring, training, or supervision.  Although she asserts that Walmart didn't follow its own maintenance policies and that Leonhardt was occasionally intoxicated while at work,[41] this claim fails for lack of evidence of a key element: that Bock-Kasminoff's injury was caused by an employee who was negligently hired, trained, or supervised.[42]  Without evidence that Walmart was responsible for the liquid on the floor, Bock-Kasminoff can't satisfy this element.  Because Bock-Kasminoff has provided no evidence showing that Walmart was negligent in any way, I grant Walmart's motion for summary judgment on this claim, too.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment **[ECF No. 44] is GRANTED**.  The Clerk of Court is directed to **ENTER FINAL JUDGMENT in Walmart's favor on all claims** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
March 24, 2022

---

[41] ECF No. 50 at 3–5.

[42] *See, e.g.*, *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1181 (Nev. 1996) (noting that it is "a basic tenet" that "the person involved" in the injury must "actually" be an employee); *Oehler v. Humana Inc.*, 775 P.2d 1271, 1272 (Nev. 1989) (negligence of the defendant must be "the proximate cause of the injuries").